IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPEN NETWORK SOLUTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 14-704 (SLR) |
| ) | |
| NCR CORPORATION, ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendant. ) | |

**DEFENDANT NCR CORPORATION'S ANSWER, DEFENSES, AND
COUNTERCLAIMS TO OPEN NETWORK SOLUTIONS, INC.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant NCR Corporation ("NCR") responds to Plaintiff Open Network Solutions, Inc.'s ("ONS") Complaint for Patent Infringement ("Complaint") as follows:

**PARTIES**

1. NCR does not have knowledge or information sufficient to admit or deny the averments contained in Paragraph 1 of the Complaint, and therefore denies them.

2. NCR admits that it is organized under the laws of Maryland with its principal place of business at 3097 Satellite Blvd., Duluth, GA 30096. NCR admits that it can be served via its registered agent for service of process at the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

**JURISDICTION AND VENUE**

3. NCR admits that the Complaint purports to bring an action for patent infringement of U.S. Patent Nos. 6,850,996 (the "996 Patent"); 6,745,259 (the "259 Patent"); and 6,907,476 (the "476 Patent) (collectively, the "Asserted Patents"), but denies that ONS has

any viable claim against NCR thereunder. NCR further admits that Exhibits A, B, and C are copies of what purport to be the 996, 259, and 476 Patents.

4. NCR admits that this court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the factual bases for and the legal sufficiency of Plaintiff's claims and allegations.

5. NCR admits that this court has personal jurisdiction over NCR. NCR further admits that it is a registered entity in this District and that NCR has been involved in litigation in this District where patent infringement claims were at issue. NCR, however, denies the legal sufficiency of ONS's claims and allegations, and denies that ONS has stated, or has, any viable claim. NCR denies the remaining allegations of this paragraph.

6. NCR admits that venue is proper in this court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

### PATENTS-IN-SUIT

7. NCR admits that the 996 Patent is entitled "System and method for enabling transactions between a web server and an automated teller machine over the Internet" and states that it was issued on February 1, 2005 to Richard Hiers Wagner, but denies the remaining allegations of Paragraph 7.

8. NCR admits that the 259 Patent is entitled "Open network system for I/O operation including a common gateway interface and an extended open network protocol with non-standard I/O devices utilizing device and identifier for operation to be performed with device" and states that it was issued on June 1, 2004 to Richard Hiers Wagner, but denies the remaining allegations of Paragraph 8.

9. NCR admits that the 476 Patent is entitled "Open network system and method for I/O operations with non-standard I/O devices using an extended open network protocol" and states that it was issued on June 14, 2005 to Richard Hiers Wagner, but denies the remaining allegations of Paragraph 9.

10. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 10, and so denies them.

11. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 11, and so denies them.

12. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 12, and so denies them.

13. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 13, and so denies them.

14. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 14, and so denies them.

15. NCR admits that the face of the Asserted Patents state that they are assigned to Datascape, Inc. NCR does not have knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 15, and so denies them.

16. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 16, and so denies them.

17. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 17, and so denies them.

18. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 18, and so denies them.

19. NCR denies that it infringes any claim of the Asserted Patents. NCR does not have knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 19, and so denies them.

**ALLEGED INFRINGING GOODS/SERVICES**

20. Denied.

21. NCR admits that it manufactures, sells, offers for sale, and uses ATMs under the SelfServ name. NCR denies the remaining allegations of Paragraph 21.

22. Denied.

23. NCR admits that the 996 Patent is entitled "System and method for enabling transactions between a web server and an automated teller machine over the Internet." NCR denies the remaining allegations of Paragraph 23.

24. NCR admits that Paragraph 24 of the Complaint contains the language of Claim 1 of the 996 Patent.

25. NCR admits that the 259 Patent is entitled "Open network system for I/O operation including a common gateway interface and an extended open network protocol with non-standard I/O devices utilizing device and identifier for operation to be performed with device." NCR denies the remaining allegations of Paragraph 25.

26. NCR admits that Paragraph 26 of the Complaint contains the language of Claim 1 of the 259 Patent.

27. NCR admits that Paragraph 27 of the Complaint contains the language of Claim 14 of the 476 Patent.

28. NCR admits that certain of its SelfServ ATMs contain computing equipment which may utilize input/output devices, such as receipt printers, PIN keypads, card readers, or touch screens. NCR denies the remaining allegations of Paragraph 28.

29. NCR admits that certain of its SelfServ ATMs include NCR's Aptra software. NCR denies the remaining allegations of Paragraph 29.

30. Denied.

31. Denied.

32. Denied.

## COUNT I

### NCR'S ALLEGED PATENT INFRINGEMENT UNDER 35 U.S.C. § 271 OF THE 996 PATENT

33. NCR incorporates Paragraphs 1-32 as if set forth fully herein.

34. NCR admits that the 996 Patent states that it was issued on February 1, 2005, but denies the remaining allegations of Paragraph 34.

35. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 35, and so denies them.

36. Denied.

37. Denied.

38. Denied.

39. NCR admits that it became aware of the existence of the 996 Patent after the Complaint was filed on June 3, 2014.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT II

### NCR'S ALLEGED PATENT INFRINGEMENT
### UNDER 35 U.S.C. § 271 OF THE 259 PATENT

45. NCR incorporates Paragraphs 1-44 as if set forth fully herein.

46. NCR admits that the 259 Patent states that it was issued on June 1, 2004, but denies the remaining allegations of Paragraph 46.

47. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 47, and so denies them.

48. Denied.

49. Denied.

50. Denied.

51. NCR admits that it became aware of the existence of the 259 Patent after the Complaint was filed on June 3, 2014.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

## COUNT III

### NCR'S ALLEGED PATENT INFRINGEMENT
### UNDER 35 U.S.C. § 271 OF THE 476 PATENT

57. NCR incorporates Paragraphs 1-56 as if set forth fully herein.

6

58. NCR admits that the 476 Patent states that it was issued on June 14, 2005, but denies the remaining allegations of Paragraph 58.

59. NCR does not have knowledge or information sufficient to admit or deny the allegations of Paragraph 59, and so denies them.

60. Denied.

61. Denied.

62. Denied.

63. NCR admits that it became aware of the existence of the 476 Patent after the Complaint was filed on June 3, 2014.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

## DEMAND FOR JURY TRIAL

NCR admits that Plaintiff requests a trial by jury on all issues, and NCR hereby also requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure.

## GENERAL DENIAL

Except as expressly admitted herein, NCR denies each and every allegation contained in Plaintiff's Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

A. NCR denies that it has directly or contributorily infringed, or induced the infringement of, the 996, 259, and 476 Patents. NCR also denies that it has willfully infringed the 996, 259, and 476 Patents.

B. NCR denies that Plaintiff has been damaged by NCR for any purported infringement of the Asserted Patents, and denies that Plaintiff is entitled to supplemental damages for purported post-verdict infringement or willful infringement for any period.

C. NCR denies that Plaintiff is entitled to any pre-judgment and post-judgment interest on any purported damages.

D. NCR denies that Plaintiff is entitled to any costs of this action and attorney's fees under 35 U.S.C. § 285.

E. NCR denies that Plaintiff is entitled to any relief.

## DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear, and reserving its right to assert additional defenses, NCR asserts the following defenses to Plaintiff's Complaint:

### FIRST DEFENSE
### (Non-Infringement)

NCR has not infringed and does not infringe the Asserted Patents, either directly or indirectly, literally, by inducement, or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

The Asserted Patents are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, or 112.

## THIRD DEFENSE
### (Prosecution History Estoppel)

Plaintiff is estopped by reason of prosecution history estoppel from asserting infringement of the Asserted Patents under the doctrine of equivalents.

## FOURTH DEFENSE
### (Laches or Prosecution Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches or the doctrine of prosecution laches.

## FIFTH DEFENSE
### (Waiver)

Plaintiff's claims are barred in whole or in part by waiver.

## SIXTH DEFENSE
### (Estoppel)

Plaintiff's claims are barred in whole or in part by estoppel.

## SEVENTH DEFENSE
### (License and Exhaustion)

On information and belief, Plaintiff's claims are barred, in whole or in part, as a result of express or implied licenses to the Asserted Patents and/or other exhaustion of remedies.

## EIGHTH DEFENSE
### (Limitations on Damages)

Plaintiff's claims for damages, if any, against NCR are statutorily limited by 35 U.S.C. § 287.

## NINTH DEFENSE
### (Costs Barred)

Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## TENTH DEFENSE
### (Lack of Standing)

Plaintiff does not have standing to bring an action for infringement of the Asserted Patents under the Patent laws of the United States.

## ELEVENTH DEFENSE
### (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against NCR pursuant to 35 U.S.C. § 285.

NCR reserves any and all rights to amend its Answer and Defenses to Plaintiff's Complaint and to add additional defenses as they become apparent.

## COUNTERCLAIMS OF NCR CORPORATION

Defendant/Counterclaimant NCR Corporation ("NCR") asserts the following counterclaims against Plaintiff/Counterdefendant Open Network Solutions, Inc. ("ONS"):

## NATURE AND BASIS OF ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. NCR requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent Nos. 6,850,996 (the "996 Patent"); 6,745,259 (the "259 Patent"); and 6,907,476 (the "476 Patent) (collectively, the "Asserted Patents"); and (ii) the Asserted Patents are invalid.

## THE PARTIES, JURISDICTION, AND VENUE

2. NCR is a corporation organized under the laws of Maryland with its principal place of business at 3097 Satellite Blvd., Duluth GA 30096.

3. On information and belief, ONS is a company organized under the laws of Delaware. The address of ONS's registered office in Delaware is 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5. This court has personal jurisdiction over ONS by virtue of Plaintiff's submission to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

7. Upon Information and belief, ONS purports to be the owner of the Asserted Patents.

8. ONS has alleged that the 996 Patent, entitled "System and method for enabling transactions between a web server and an automated teller machine over the Internet," was legally issued by the United States Patent and Trademark Office on February 1, 2005.

9. ONS has alleged that the 259 Patent, entitled "Open network system for I/O operation including a common gateway interface and an extended open network protocol with non-standard I/O devices utilizing device and identifier for operation to be performed with device," was legally issued by the United States Patent and Trademark Office on June 1, 2004.

10. ONS has alleged that the 476 Patent, entitled "Open network system and method for I/O operations with non-standard I/O devices using an extended open network protocol," was legally issued by the United States Patent and Trademark Office on June 14, 2005.

11. NCR does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the Asserted Patents.

12. Upon information and belief, all claims of the Asserted Patents are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

### COUNTERCLAIM I
**(Declaratory Judgment of Non-Infringement)**

13. NCR realleges and reincorporates the allegations of Paragraphs 1 through 12, inclusive, of its Counterclaims as if set forth herein in full.

14. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning NCR's non-infringement of the claims of the Asserted Patents.

15. NCR is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the Asserted Patents.

### COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of the Asserted Patents)

16. NCR realleges and reincorporates the allegations of Paragraphs 1 through 15, inclusive, of its Counterclaims as if set forth herein in full.

17. There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against NCR for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

18. NCR is entitled to a judicial declaration and order that the Asserted Patents are invalid.

### RESERVATION OF RIGHTS

NCR reserves any and all rights to amend its Counterclaims to ONS's Complaint and to add additional claims as they become apparent.

### EXCEPTIONAL CASE

To the extent this is an exceptional case under 35 U.S.C. § 285, NCR should be awarded its attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

WHEREFORE, NCR requests judgment in its favor and against Plaintiff as follows:

Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

The Court deny any injunctive relief in favor of Plaintiff and against NCR;

The Court declare that NCR has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any claim of the Asserted Patents;

The Court declare and order that the Asserted Patents are invalid;

The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award NCR its reasonable attorney fees in this action;

All costs be taxed against Plaintiff; and

NCR be granted such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

NCR hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Procedure on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@mnat.com

*Attorneys for Defendant and Counterclaim Plaintiff NCR Corporation*

OF COUNSEL:

Keith E. Broyles
Wesley C. Achey
Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000

August 1, 2014
8358143.1

15

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 1, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

    I further certify that I caused copies of the foregoing document to be served on August 1, 2014, upon the following in the manner indicated:

| | |
|---|---|
| David deBruin, Esquire<br>THE DEBRUIN FIRM, LLC<br>405 North King Street, Suite 440<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Paul A. Lesko, Esquire<br>Sarah S. Burns, Esquire<br>SIMMONS HANLY CONROY<br>One Court Street<br>Alton, IL  62002<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

                 */s/ Rodger D. Smith II*

                 _____

                 Rodger D. Smith II (#3778)